UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SCOTT N. MASSON, | CIVIL ACTION NO. |
| Plaintiff | SECTION: |
| vs | JUDGE: |
| NAVIENT SOLUTIONS, INC., a Delaware corporation, | MAGISTRATE JUDGE |
| Defendant. | JURY TRIAL DEMANDED |

## CLASS ACTION COMPLAINT

NOW INTO COURT, Plaintiff, SCOTT N. MASSON (hereinafter referred to as "PLAINTIFF") by and through undersigned counsel, alleges upon knowledge as to himself and his own acts, and upon information and belief as to all other matters, and brings this complaint against the above-named defendant and in support thereof alleges the following:

### PRELIMINARY STATEMENT

1. PLAINTIFF brings this action on his own behalf and on the behalf of others similarly situated for actual and statutory damages arising from NAVIENT SOLUTIONS, INC.'s, (hereinafter referred to as "DEFENDANT") violations of the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. § 1692, *et seq*.

### JURISDICTION AND VENUE

2. The Court has jurisdiction over this action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., and 28 U.S.C. § 1331.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) because PLAINTIFF and DEFENDANT reside and/or do business in the Eastern District of Louisiana. Venue is also proper

in this District because the acts and transactions that give rise to this action occurred, in substantial part, in the Eastern District of Louisiana.

## PARTIES

4. PLAINTIFF is a natural person residing in Metairie, Louisiana.

5. PLAINTIFF is a "consumer" as defined in the FDCPA at 15 U.S.C. § 1692a(3).

6. PLAINTIFF allegedly owes a (past due) consumer debt as defined by 15 U.S.C. § 1692a(5).

7. NAVIENT SOLUTIONS, INC. (hereinafter referred to as "Navient" or "DEFENDANT") is a Delaware corporation which regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

8. PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT regularly collects or attempts to collect consumer debts owed or due or asserted to be owed or due another and that each DEFENDANT is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

9. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 8 inclusive, above.

10. Upon information and belief, on or about October 19, 2012, PLAINTIFF defaulted on a federally insured FFELP student loan. *See* correspondence from Navient, dated April 8, 2015, attached hereto as **Exhibit 1**.

11. On or about January 25, 2013, the Louisiana Office of Student Financial Assistance ("LOSFA"), the guarantor, received and purchased the student loan. *Id*.

12. LOSFA then transferred the debt to DEFENDANT, a third party servicer, to collect the past due consumer debt. *Id*.

13. In addition to principal and interest, DEFENDANT seeks collection of $12,868.79 in collection costs.

14. Upon information and belief, neither LOSFA nor DEFENDANT notified PLAINTIFF that they were going to assess $12,868.79 in collection costs.

15. Pursuant to 34 C.F.R. § 682.410(b)(5)(E)(ii)

> (ii) The guaranty agency, after it pays a default claim on a loan ***but before it*** reports the default to a consumer reporting agency or ***assesses collection costs against a borrower***, shall, within the timeframe specified in paragraph (b)(6)(ii) of this section, provide the borrower with --
>
> (A) Written notice that meets the requirements of paragraph (b)(5)(vi) of this section regarding the proposed actions;
>
> (B) An opportunity to inspect and copy agency records pertaining to the loan obligation;
>
> (C) An opportunity for an administrative review of the legal enforceability or past-due status of the loan obligation; and
>
> (D) An opportunity to enter into a repayment agreement on terms satisfactory to the agency.

(emphasis added).

16. Since PLAINTIFF was never sent a notice notifying him of his 34 C.F.R. § 682.410(b)(5)(E)(ii) and (b)(6)(ii) rights, assessment of collection costs was improper.

17. On or about April 22, 2016, PLAINTIFF sued DEFENDANT for attempting to collect the wrongly assessed collection costs.

18. At the end of September 2016, the parties settled PLAINTIFF's claims against DEFENDANT.

19. On or around October 5, 2016, DEFENDANT was still seeking collection of the improper collection costs.

20. PLAINTIFF contacted DEFENDANT on October 5, 2016 and again on October 13, 2016 requesting removal of the improper collection costs.

21. As of the filing of this complaint, DEFENDANT is still seeking collection of the improperly assessed collection costs.

22. By continuing to seek collection of the improperly assessed collection costs, DEFENDANT violates 34 C.F.R. § 682.410(b)(5)(E)(ii) and the FDCPA by attempting to collect collection costs it is not legally entitled to collect.

23. The terms of the settlement are confidential and will be provided at a later date, under seal, so this court can determine if collection of the costs violates the terms of the settlement and therefore the FDCPA.

24. PLAINTIFF continues to make payments on his defaulted student loan, some of which goes towards payment of the improperly assessed costs.

25. PLAINTIFF is informed and believes and therefore alleges that PLAINTIFF and the class members are entitled to actual and statutory damages and may have also suffered damages in other ways and to other extents not presently known to PLAINTIFF, and not specified herein. PLAINTIFF reserves the right to assert additional facts and damages not referenced herein, and/or to present evidence of the same at the time of trial.

## **CLASS ALLEGATIONS**

26. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 25 inclusive, above.

27. These claims for relief are brought by PLAINTIFF individually and on behalf of the following class:

   a. A Louisiana class of consumers, who

  b. Within one year prior to the filing of this action;

  c. Were requested to pay collection costs, on a defaulted LOSFA student loan debt, when the guaranty agency did not provide 34 C.F.R. § 682.410(b)(5)(E)(ii) notices prior to assessment of the costs.

28. PLAINTIFF does not know the exact size or identities of the class, as DEFENDANT maintains exclusive control of such information. PLAINTIFF believes that the class includes between 1,000 and 5,000 individuals whose identities can be readily determined from DEFENDANT's business records. Therefore, the proposed class is so numerous that joinder of all members is impracticable.

29. All class members have been affected by the same conduct. The common questions of law and fact predominate over any questions affecting only individual members of the class. These questions include, but are not limited to:

  a. Whether DEFENDANT'S actions violate the FDCPA by attempting to collect amounts unauthorized by law;

  b. The identities of individuals who received a collection attempt from DEFENDANT which violated the above subsections; and

  c. The total number of collection attempts that DEFENDANT made on consumers which violated the above subsections.

30. PLAINTIFF's claims are typical of the claims of the classes and do not conflict with the interests of any other class members. PLAINTIFF and the members of the classes were uniformly subjected to the same conduct.

31. Upon information and belief, DEFENDANT has a practice and policy of attempting to collect unauthorized costs where the consumer did not receive the notices required by 34 C.F.R.

§ 682.410 prior to the addition of costs.

32. PLAINTIFF will fairly and adequately represent the class members' interests and has retained counsel who are qualified to pursue this litigation. PLAINTIFF's counsel's firm, GESUND & PAILET, LLC, focuses on prosecuting FDCPA lawsuits. PLAINTIFF's counsel, Keren E. Gesund, also has extensive experience in prosecuting FDCPA class actions.

33. PLAINTIFF is committed to vigorously pursuing his claims.

34. A class action regarding the issues in this case does not create any problems of manageability.

35. A class action is superior for the fair and efficient adjudication of the class members' claims as Congress specifically envisioned class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C.§ 1692k. The members of the class are generally unsophisticated consumers, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would also create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards and would not be in the best interest of judicial economy.

36. If facts are discovered to be appropriate, PLAINTIFF will seek to certify the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

**FIRST CLAIM FOR RELIEF**

**VIOLATIONS OF THE FDCPA 15 U.S.C. §§ 1692e(5),(10) and f(1) AGAINST NAVIENT, BROUGHT BY PLAINTIFF INDIVIDUALLY AND ON BEHALF OF THE CLASS**

37. PLAINTIFF repeats, re-alleges and incorporates by reference, paragraphs 1 through 36 inclusive, above.

38. A debt collector is prohibited from threatening "to take any action that cannot legally be taken" or using any false or "deceptive means to collect or attempt to collect" a debt. 15 U.S.C. §§ 1692e(5) and (10).

39. Further, a debt collector may not collect any amount "unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

40. Pursuant to 34 C.F.R. § 682.410(b)(5)(E)(ii)

> (ii) The guaranty agency, after it pays a default claim on a loan ***but before it*** reports the default to a consumer reporting agency or ***assesses collection costs against a borrower***, shall, within the timeframe specified in paragraph (b)(6)(ii) of this section, provide the borrower with --
>
> (A) Written notice that meets the requirements of paragraph (b)(5)(vi) of this section regarding the proposed actions;
>
> (B) An opportunity to inspect and copy agency records pertaining to the loan obligation;
>
> (C) An opportunity for an administrative review of the legal enforceability or past-due status of the loan obligation; and
>
> (D) An opportunity to enter into a repayment agreement on terms satisfactory to the agency.

(emphasis added).

41. Since PLAINTIFF was never sent a notice notifying him of his 34 C.F.R. § 682.410(b)(5)(E)(ii) and (b)(6)(ii) rights, assessment of collection costs is improper.

42. Here, DEFENDANT is attempting to collect costs it is not legally entitled to collect pursuant to 34 C.F.R. § 682.410(b)(5)(E)(ii).

43. PLAINTIFF continues to make payments towards his student loan.

7

44. Upon information and belief, a portion of his payment goes towards the improperly assessed collection costs.

45. Based on the foregoing, PLAINTIFF has suffered actual damages.

46. It has been necessary for PLAINTIFF, to obtain the services of an attorney to pursue this claim and are entitled to recovery reasonable attorneys' fees therefor.

## SECOND CLAIM FOR RELIEF

### VIOLATIONS OF THE FDCPA 15 U.S.C. §§ 1692e(5),(10) and f(1) AGAINST NAVIENT, BROUGHT BY PLAINTIFF INDIVIDUALLY

47. PLAINTIFF repeats, re-alleges and incorporates by reference, paragraphs 1 through 46 inclusive, above.

48. A debt collector is prohibited from threatening "to take any action that cannot legally be taken" or using any false or "deceptive means to collect or attempt to collect" a debt. 15 U.S.C. §§ 1692e(5) and (10).

49. Further, a debt collector may not collect any amount "unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

50. DEFENDANT's continued attempts to collect the wrongly assessed collection costs breaches the September 2016 settlement agreement and violates the FDPCA.

51. PLAINTIFF continues to make payments towards his student loan.

52. Upon information and belief, a portion of his payment goes towards the improperly assessed collection costs.

53. Based on the foregoing, PLAINTIFF has suffered actual damages.

54. It has been necessary for PLAINTIFF, to obtain the services of an attorney to pursue this claim and are entitled to recovery reasonable attorneys' fees therefor.

## DEMAND FOR JURY TRIAL

55. Please take notice that PLAINTIFF demands trial by jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF respectfully prays that this Court grant the following relief in PLAINTIFF'S favor and that judgment be entered against DEFENDANT for the following:

(1) For actual damages incurred by PLAINTIFF pursuant to 15 U.S.C. § 1692k(a)(1);

(2) For statutory damages awarded to PLAINTIFF, not to exceed $1000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(3) For statutory damages awarded to the Class Members, pursuant to 15 U.S.C. § 1692k(a)(2)(B), of the amount not to exceed the lesser of $500,000 or 1 per centum (1%) of the net worth of the DEFENDANTS;

(4) For reasonable attorneys' fees for all services performed by counsel in connection with the prosecution of these claims;

(5) For reimbursement for all costs and expenses incurred in connection with the prosecution of these claims; and

(6) For any and all other relief this Court may deem appropriate.

DATED this 26th day of October 2016.

                                          **GESUND AND PAILET, LLC**

                                          */s/ Keren E. Gesund, Esq.*
                                          Keren E. Gesund, Esq.
                                          Louisiana Bar No. 34397
                                          3421 N. Causeway Blvd., Suite 805
                                          Metairie, LA  70002
                                          Tel: (702) 300-1180
                                          Fax: (504) 265-9492
                                          keren@gp-nola.com
                                          Attorney for Plaintiff